IRA CURTIS *vs.* ALBERT MANSFIELD & others.

In this commonwealth, by Rev. Sts. *c.* 66, § 27, the payee of a joint promissory note can enforce his claim at law against the separate estate of a deceased maker, in the same manner as if the note had been originally joint and several; he has therefore no remedy by a bill in equity.

BILL IN EQUITY, alleging that on July 5th, 1847, Bartlett Doten, William Mansfield, Albert Mansfield, and Graham A. Root were trading and doing business in partnership under the name and firm of Doten, Mansfield, and Root, and on said day, for a good and valuable consideration, they gave to the complainant a promissory note of the following tenor:

" $2000.    Two years after date we promise Ira Curtis to pay him, or order, two thousand dollars and the interest annually for value received.    Doten, Mansfield, and Root.    Sheffield, July 5th, 1847;" which note remains due and unpaid except the interest; that said note is still the property of the complainant; that said William Mansfield died in April, 1849; that previous to his death he conveyed all his right in the partnership property to his son, the said Albert Mansfield; that subsequent to said conveyance he, the said William, made his will, by which he gave all his personal estate to his widow, Martha, one of the respondents, and all his real estate to his two daughters, Clarissa and Emma; that said Emma has since deceased; that the will of said William has been duly proved and allowed by the probate court for this county, to wit, at the June term of said court, held at Lenox, in said county; that said Albert was appointed administrator of the estate of said William, with the will annexed, and accepted the trust, and gave bond, and that no further proceedings have been had in said probate court in reference to said estate; that the said William died seised and possessed of real and personal estate sufficient to pay the amount due on said note, which said estate is in the hands and possession of either or all the said Albert, administrator as aforesaid, or otherwise, and the said Martha, widow of the said William and the said Clarissa, surviving daughter of said William, who has since married the said Frederick Cleveland, but how or in what proportion, or by what title either or all of said persons have or possess said property, is unknown to the complainant; that at the time of making said note and until, and subsequent to the decease of said William, the said partnership firm was in good credit and solvent; that since the decease of said William said partnership firm and all the surviving partners have become insolvent and unable to pay the debts of said partnership, and the complainant is wholly unable to collect or enforce the payment of said note.    Wherefore the plaintiff seeks to discover by this bill the property and estate of said William, that he may reach the same for the payment of said debt, conceiving that he has no adequate

remedy at law. To which bill the respondents demurred for the following reasons: "1. Because sufficient appears by the bill to show that the complainant had or has an adequate remedy at law, and therefore this court has no jurisdiction. 2. Because complainant seeks to enforce payment of said note out of the private and personal property of said William, and not the property of said firm, it not being alleged in said bill that the assets of said company have been marshalled and applied towards the payment of the company's debts."

*C. N. Emerson & B. Palmer*, for the respondents.

*J. Rockwell*, for the complainant.

BIGELOW, J. Upon the facts stated in this bill, we can see no ground upon which to entertain jurisdiction in equity of this case. The complainant seems to have proceeded mainly on the ground that the death of one of the joint promisors, on the note held by him, had defeated all remedy at law against the administrator and the estate of the deceased promisor; and that his only remedy against them was to be sought in equity. However this might have been in the absence of any statute provision on the subject, it is very clear that, under Rev. Sts. *c.* 66, § 27, a creditor in such a case has a clear and adequate remedy at law against the estate of his deceased debtor. Under this provision, the death of a joint contractor severs the promise, and gives the creditor the same remedy as if the promise had been originally several. The complainant had, therefore, a right to enforce his debt by a suit at law against the administrator of the deceased partner, and thus reach his separate estate, and he cannot ask the aid of a court of equity, for the mere purpose of collecting a debt, when the law furnishes him with an appropriate and adequate remedy.

It was suggested, that cognizance might be taken of this case in equity, as a suit for contribution among heirs liable for the debts of a deceased person. But the answer to this suggestion is obvious. The sole object of the bill is to enforce the collection of a partnership debt against the separate estate of a deceased solvent partner. Before the heirs can share the

property of the intestate, his debts must be paid; they take only the residue. There can, therefore, be no claim for contribution among them in a case like the present, because they are not liable for the payment of the debt, nor can they receive the property of the intestate until the debt has been paid.

It was also urged that the case might come within the provision of Rev. Sts. *c.* 81, § 8, giving equity jurisdiction to this court in cases where there are more than two parties having distinct rights and interests, which cannot be adjusted in one action at law. But that statute was designed to meet a case where a judgment between two parties would leave a controverted claim between the one or the other of them and a third person, not bound by the judgment in a suit between the two. *Hale* v. *Cushman*, 6 Met. 425, 431. No such case is here presented. The administrator of the intestate, in all suits against the estate for the enforcement of debts, represents the heirs, who are in privity with him, and bound by the judgment; *Mitchell* v. *Pease*, 7 Cush. 350; so that a recovery against him would settle the rights of all parties in interest, and leave no controverted claim to be adjusted between the heirs.

*Bill dismissed.*